Okay we go on to the next case on our docket related in subject matter which is California Chamber of Commerce as appellee versus Rob Bonta as appellant intervener and the uh appellant here's Mr. Mr. Metzger in the appellate council is Mr. Norris I think I got that right so proceed with appellant's argument please. Thank you very much your honors my name is Rafael Metzger I represent the appellant the council for education and research on toxins. Pursuant to Alexander versus United States and other supreme court precedents a preliminary injunction may not issue to enjoin the exercise of first amendment rights because such a preliminary injunction would itself constitute an unconstitutional prior restraint on the exercise of first amendment rights. As a matter of law the district judge therefore erred in issuing the preliminary injunction in this case and joining cert and other NGOs from filing 65 lawsuits in state court. Council like with the previous case you know you are free to structure your argument however you like I want to tell you that my primary concern is that your client doesn't have standing to pursue this appeal and I want to make sure I let you know that so that you have time to appropriately address that issue but you are free of course to structure your argument as you wish. Well let me get to that right away your honor so my client has been enjoined from filing lawsuits it was enjoined by the district court judge my client is a party to the case it intervened in the case as an intervener defendant to hold that my client cannot appeal what it has been enjoined by the district court I think would violate due process. You have to appeal the the preliminary injunction right? We're at preliminary injunctive stage so a case which you didn't address in your opening brief and despite the fact that your front that the opposing party cited it you didn't address it in your reply brief is the Virginia House of Delegates case where the court said and I quote as the court has repeatedly recognized to appeal a decision that the primary party does not challenge an intervener must independently demonstrate standing and the court previously listed the three specific elements a concrete and particularized injury that is fairly traceable to the challenged conduct and that is likely to be redressed by a favorable decision where in the record is there anything that suggests that your client while the preliminary injunction is pending is even thinking about going forward with another action that would be that would be actually enjoined. Okay um so my client has in fact just recently filed a major action regarding uh uh acrylamide under prop 65 that is currently in litigation. Sorry is that the is that something other than the Starbucks case? Yes the Starbucks case is continuing it's coming up for no but are you I know but are you referencing just now something different from the Starbucks case? Absolutely I'm referencing the case if I might a case against manufacturers of these new cooking devices called air fryers which generate huge amounts of acrylamide. And is this in the record somewhere? I believe it is um uh Cal chamber filed a motion to dismiss for lack of standing which was addressed by the motions panel and uh we provided uh the evidence regarding actual harm to my client in opposition to that that's all in the record in this court and I would also because in in your brief I see um uh cert has not filed any new prop 65 cases regarding acrylamide and food in the last uh 10 years so so this new cases is since you filed uh the blue brief on May 20th and the gray brief on August 11th? Yes that's correct yes sir has been litigating these cases constantly for the last 20 years and it has not filed many cases there's only a few cases that it's filed because it's only filed what I call the high impact cases. But wait can I back up let's see I'm trying to square your statements because what Judge Bennett just read was that you haven't filed any cases in the last 10 years I thought and then you said you've been involved in these cases. I assume what you mean when you say you've been involved in these cases is you sent out a lot of notices. No actually well cert has actually litigated only uh a few cases uh but it has been constantly litigating them since 2002 it filed the first one it's been constantly litigating them uh since then for 20 years and it only is it's very selective in the cases that it brings it targets the major sources of acrylamide in the diet so the very first case was for french fries and then cert co-counseled the potato chip case with the California Attorney General that was more than a decade ago and then the largest source of acrylamide in the human diet which is coffee which is consumed by two-thirds of adults and is the largest source of acrylamide cert started that case in 2010 has and has been litigating it vigorously ever since including two three-month trials at which cert prevail and we were headed towards uh the remedies phase of trial uh when the state adopted under political pressure adopted a regulation uh exempting coffee and that is now on appeal so cert has been litigating these issues constantly for the and it has now recently now that uh it finally once it finally briefed everything for the appeal of the cert versus starbucks case it then filed this case against air fryers which generate huge amounts of acrylamide because they operate at extremely high temperatures so sir the case that you filed against air fryers would have been barred by the injunction but for to stay that's uh we contend not but the defense so so explain to me why not i because and i apologize i haven't focused on this so explain to me why why it wouldn't have been barred by the injunction absent the motions panel ruling yes i think it would technically not have been barred because it is not against the food industry it's against a machine and i think the scope of the so it was so this lawsuit that you have recently filed um wouldn't have been barred by the injunction the district court issued that's my contention i believe the defense contends otherwise okay all right but i would point out regarding the issue that you raised regarding standing the motions panel specifically ruled that um it denied the defense i'm sorry it denied the motion to dismiss uh for lack of standing without prejudice to mr norris or cal chamber raising arguments in their uh opposition brief but they made it clear that the only arguments that they could raise are are those that are in their opposition brief and that's very limited that's but well i i don't see how it's very limited i mean on page 31 of the brief um they cite virginia house of delegates um and so you don't meet it and you choose you chose in your reply brief not to even cite virginia house of delegates and your argument was as i understand it in your brief that because you were enjoined you had standing and that was basically the entirety of your argument and uh that's not the way i read the virginia house of delegates case well i i appreciate that your honor and in our opposition to the motion to dismiss i fully briefed the virginia house of delegates case um and explained uh why it's distinguishable and that's i'm looking at our our opposition to the motion to dismiss that's at page nine and uh page 10 so we have it is is there is there a reason you didn't put it in your reply brief well yes getting the reply brief down to the size with all these arguments was a challenge and i just i thought that's candidly since the night since the motions panel had denied it and since we'd addressed it all and what those arguments would be before this court i thought that i gave it the this argument the merit that it deserved but i perhaps was mistaken i apologize for that um but we do address in it but clearly it's in the in the opposition to the motion to dismiss why sir as standing uh and i would address the court to consider that was before the district court though right no that's in this court uh in this court the motion to dismiss in the ninth and the motions panel denied that yeah without prejudice to the asserting arguments in uh in their uh opposition brief so i i i believe that you know we fully addressed that and i could um summarize that for the court but it's all there um and i pointed out that cert actually does have has sustained harm and the particular harm is that cert is a very unique organization in that all of the funds that it receives by virtue of charitable contributions side prey distributions and from prop 65 lawsuits every bit of it cert then issues as education and research grants to faculty and students mostly in the uc system regarding hazardous regarding toxic substances and cert's ability to continue the funding of those research and education grants has been uh would be by the injunction would be substantially impaired but that's all in opposition to the motion uh to dismiss it's all there your honors i apologize i could not get everything into uh uh the briefing in this case with the page limitations and three substantial arguments but if i might uh to resume with my argument i believe the motions panel was correct in concluding that the preliminary injunction could not issue because it would be an unconstitutional prior restraint on the exercise of first amendment rights according to the united states supreme court but assuming that the court could lawfully issue the preliminary injunction i believe it erred in doing so for two reasons and those are comedy and abuse of discretion this case is most unusual because my client had already i i say my client but on its behalf i tried the first amendment issue in los angeles superior court in the first phase trial of the cert versus starbucks case a three-month trial and in that trial i called on cert's behalf esteemed retired heads of the federal uh public health agencies to testify on cert's behalf and they testified these were toxicologists risk assessment experts uh experts in food science uh and we litigated that case and we tried it for a statement of decision finding that uh that the first amendment and defense uh had not been that the first amendment false compelled speech defense lack merit and judging that affirmative defense in favor of my client sir so when the district judge in this case had this issue before her i believe that she should have acknowledged that this issue had already been tried for three months with the best scientists in the world and that we had prevailed and that she should have accorded some comedy to that state court judge's decision but even if she wasn't going to accord comedy to it at the very least in considering uh whether health chamber was likely to prevail on the merits she should have considered the evidence from the trial of that case from all these esteemed retired heads of federal agencies and we included that all in the record and we asked her to consider it and she said i don't know that i need to consider any of that i don't want to delve into the science uh and that's an abuse of discretion that's uh there's a case uh specifically on that point turner versus heckler which says uh that a district court abuses its discretion in granting a preliminary injunction when the district court fails to consider critical evidence submitted by the party opposing issuance of the preliminary injunction i believe that principle is especially applicable here where the district court judge stated at the hearing quote i don't want to go off on a review of scientific evidence here i don't know that there's a point in drawing my attention to specific acts aspects of the scientific evidence council i don't i don't i wanted to switch back to one question before we start getting into your rebuttal time um was was when you intervened before the district court was that a permissive intervention or was that intervention as a right um it was permissive uh what the context was when my client found out about this lawsuit uh filed by cal chamber we perceived it to be a collateral attack on the decision of the state court judge because it sought to enjoin uh all state uh lawsuits regarding prop 65 so we immediately intervened and that and cal chamber and the attorney general stipulated to our intervention and the judge pursuant to that stipulation executed uh an order allowing my client to intervene as it but it sounds like the district court did not it did not decide whether that was permissive or as of right they just it just allowed you to intervene generally it was pursuant to stipulation of the party okay yes so the last argument that i'll make and i'll make this very brief because i say i have two minutes and 15 seconds and that is in the recent decision of the united states supreme court in whole women's health versus jackson that's the current uh abortion decision just last month the court wrote quote the equitable powers of federal courts are limited by historical practice consistent with historical practice a federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions but under traditional equitable principles no court may quote lawfully enjoin the world at large and this was in the context where the court the supreme court was saying uh you can enjoy these texas attorney general of the mississippi the mississippi one of those states i'm sorry attorney general from uh pursuing from filing a case but you cannot enjoin derivatively uh private citizens and that's exactly what judge mueller did here she even if you even if you had standing to make your own argument here on appeal do you have standing to make this argument on behalf of the world at large well um i guess i i really don't know your honor i i i i i specialize in toxic tort litigation and toxic substances i don't profess to be the world's expert on standing but what i can say is that um the private enforcers some tried to intervene in this case and they and judge muller refused to allow them to intervene so then to enjoin them you have to very much with that the injunction see cal chamber filed this case in my view as a friendly case with the attorney general who really views prop 65 and in food as a headache that they wish would go away seeking to enjoin the attorney general from filing cases that it's not filing and derivatively to enjoin the private enforcers from filing the cases that they have been filing without having them be parties i think that's a fundamental problem with this case and i think the u.s supreme court's recent decision in whole woman's health bears on that that court should be very reluctant to enjoin persons from engaging in constitutionally protected activity when they're not before the court cert had to get before the court of its own accord and the other private forces were denied that opportunity i'll reserve my remaining time thank you council uh your all your time was was used up the clock right now shows a figure of the extent to which you went past your time about a minute but i'm going to give you a rebuttal time because it's an important case and certainly a difficult one uh what how much time did you plan to make a rebuttal argument all right a few minutes would be excellent your honor i appreciate it okay so let's yeah we'll put the clerk put uh two minutes on the clock for mr metzger's rebuttal argument and we'll turn to mr norris thank you judge google good morning i'm trent norris of ardleton porter representing apple league california chamber of commerce may it please the court the case here is on appeal from a grant of preliminary injunction and as a result the question before the court is whether the district court abused its discretion in enjoining prospective private attorneys general from enforcing prop 65 astrochromite and food in the same way that it enjoined the elected attorney general and other elected officials from doing so now cert is the only appellant here and as judge bennett has noticed that raises a significant question as to whether cert has standing um i can come back to that issue in greater detail but i want to point out a couple of things on standing as well the first of them is that cert has no pending notice on acrylamide and food they have not served a 60-day notice which is a precursor to filing a litigation and as a result what about the air fryer case that case has been filed already your honor and so it was filed before the injunction was filed in the period when the injunction was stayed by the merit by the motions panels emergency stay order so it was recently filed the air fryer case um and as a result it would not be barred by the injunction but but your position it was not barred only because the injunction was stayed otherwise you think it would have fallen within the injunction there is a question uh as to whether it would have been barred because the injunction covers cases concerning acrylamide and food cert lawsuit on air fryers alleges that the manufacturers of air fryers small tabletop devices that cook food need to put a warning on those devices warning consumers that at some times when they use them they may create acrylamide in the food that they cook and there would be a question as to whether that is well the injunction says as applied to acrylamide in food and beverage products so the question seems to be whether air fryers are food and beverage products is that yeah i mean is that the right way to frame it up that would be that would be one way your honor i think the defendants in that case might argue that it's subsumed within it but um but regardless of that the case has already been filed and given the judge muller's ruling only well but it seems to me that that's not really the right response for standing i mean i i came into this thinking that they that they had no desire or no intent to file any future lawsuits after the injunction if they have filed a lawsuit after the injunction it does why wouldn't let's assume that it is a case that falls within the injunction why wouldn't that be enough to show imminent harm for purposes of standing they would need a notice your honor that's pending currently the the court's order from the district court applies to those who are private enforcers under a subsection of prop 65 that indicates you must file a 60-day notice before you file the lawsuit and it's a finite group there's only a dozen entities in that category represented by nine different law firms who have pending notices right now there's hundreds of them i'm i'm missing something did for the fryer lawsuit did they file a 60-day notice they did your honor they had to in order to so so as i understand it that if um uh if the injunction would have barred it and if they were in fact intending to file that lawsuit at the time they filed their notice of appeal uh and if that evidence were properly before us wouldn't that have given them standing at the time they filed their notice of appeal isn't that the time we look at that would be the time to look at your honor we contend it does not give them the right to to appeal here and that relates to the right that they're asserting the right that they're asserting is a right on behalf of the public and we've asked the court to take notice of the transunion versus ramirez decision of the u.s supreme court on this issue and it's all briefed fully in our motion to dismiss on the basis of standing well but but but but but don't we look at what the supreme court identified in the house of delegates case and if at the time they filed their notice of appeal and the record would seem at least to plausibly indicate this that um at that time they intended to file this lawsuit they must have done the 60-day notice um shortly after the stay was issued etc that that seems to me to easily demonstrate that at the time they filed the notice of appeal with if we looked at those facts uh that that they did uh have standing and the fact that at this to be germane to whether they had standing at the time they filed the original i understand your honor but i i think you're you're focused on whether even having the notice would provide them with standing and we contend that it does not because the right that cert is asking to be able to sue over is a right on behalf of the public it's the same right that the attorney general and other elected officials have the power to enforce normally when they're not enjoined by district court that right does not provide a is not based on a concrete harm to cert or any individualized harm to cert or any imminent harm to cert it's not particular to cert they are asserting rights on behalf of the public yeah but i'm okay i i don't i those arguments seem to collapse because if cert is filing on behalf of the public then there's then the public is harmed and they're able to defend the public's right i mean i i don't understand to me if cert falls within the injunction and they had an intent to file a lawsuit uh this is a new circumstance i hadn't considered but i i don't understand your position that just because they represent the public that they're therefore not covered i mean the injunction covers private enforcers so cert would therefore be covered by yes cert would be covered by the injunction but cert would not have standing to challenge it at this point and the reason is somebody who is is bound by the injunction not have standing i i explain that to me because they they wouldn't have had standing to sue in federal district court in the first instance because they're not asserting a right that's particularized concrete eminent under lujan but but and and counsel i i admit i'm missing the same thing that judge nelson says he's missing here that the injunction would have barred them if it had been in effect or at least arguably would have barred them from filing the very they didn't have the authority to vindicate the universe at large wouldn't they at least have standing to raise on appeal that the injunction um to the extent it barred them and i think many of the issues would be the same that um that that it was uh an abuse of the discretion for the well it would have stopped us and to the extent it would have stopped us it the district court abused its discretion because what it's stopping them from doing your honor is asserting a right on behalf of the public which the attorney general is not even entitled to assert see what what cert would like here from a reversal is an absurd result which is that the attorney general and and private enforcers can and that does violence to the very structure of prop 60 well no it doesn't do violence to it because they they chose not not to appeal i mean if if if two parties are parties to the case and one appeals and one doesn't i don't think it's harmful to give the party that appeals uh relief if they're entitled to it well then maybe we should go on to whether they're entitled to that relief because i think the the standard of review here is is abuse of discretion cert has claims for instance that the right to petition is absolute that it has a right to petition in fact on that it cannot be infringed and that to do so here would be a prior restraint notwithstanding the lack of any case law applying the prior restraint doctrine to the filing of lawsuits the district court balanced the harms here first the first the district court and cal chamber has a likelihood of success on the merits that indeed the members of cal chamber have their first amendment rights infringed by prop 65 lawsuits here because they forced a false or very least misleading and certainly controversial warning to be placed on their food products second that there was irreparable harm to the cal chambers members having found that the court then went on to balance the harms and to look at the public interest and the court understood that there was a burden here on cert and other prior private enforcers in not being able to file their own lawsuits uh enforcing prop 65 um but the sort the the court felt that that was outweighed by the harm to cal chamber and its members from the type of litigation hundreds of cases we're talking about that have been filed against the food industry on this which are very difficult to defend and which result in settlements 99 of the time that either put a warning on a package which is contrary to what the food company and its position is so it uh infringes on their right to free speech and to not speak um and to speak clearly and honestly but then it also um requires either that or payment of substantial penalties up to twenty five hundred dollars per cup of coffee per box of cereal per jar of olives or bottle or or jar of almonds for instance and the and that that was difficult to contest in state court the court had every right to balance those authorities and then to exercise its general equitable powers to enjoin private enforcers using the wording that's prescribed by rule 65 of the federal rules of civil procedure you know those can i just ask i i appreciate um this analysis it's helpful in your argument how much of the district court's order is covered by a legal standard versus factual findings um because it seems like a lot of this is is ultimately factual findings but some of it hinges on on uh you know the appropriate legal standard could you address the difference there how you see that so your honor the underlying legal standard is is otter and compelled false speech um there's a gloss on it from the nifla decision as well and what cal chamber had to show was that the warning is controversial i'm sorry what the attorney general had to prove and what cert standing as an intervener defendant had to prove was that the warning was purely factual non-controversial so would that be a factual finding when the district court makes that or is it a mixed question of fact and law i think it's well that is the standard and there's been no contest about the legal standard so the question is is the warning controversial is the warning purely factual and the district and that's it and that's a factual that's a factual finding by the court as it applies that okay yes yes your honor and and then the second one is is it is it justified and not unduly burdensome is your position that that would also be a factual finding from the district court it would be your that was not a uh a point of contention or a discussion okay uh reasonably related to a substantial government interest was that addressed below that was also not addressed okay so really all we're dealing with is this first factor that's that's correct and and so when when cert argues well the district court didn't credit our evidence well cert's evidence just like the attorney's general evidence is we think acrylamide causes cancer in humans the the evidence on the other side of that is there's a lot of evidence that shows it does not cause cancer in humans um and in fact we point out there is no evidence precisely that it does cause cancer in humans and so if we were if we were going to address the merits here does uh the attorney general's amicus brief telling us at least as to when the attorney filed it what is going on here um with uh safe harbor etc does does does that make any difference here in uh in your client's view no your honor we don't think so because the the proposed warning it's not been finalized yet which would be one of many wordings that could be used but one that would be deemed to be valid by the state if it's indeed adopted um is one that we think would also be misleading um for lots of reasons and we haven't litigated that issue yet but it it it may state that it's a probable human carcinogen but you have to think about how do consumers understand this warning what is it actually communicating to because that is as far as as far as you know and i know this isn't in the record but as far as you know is that still proceeding to uh some sort of finality in march or april do you know what the timeline is on that last word from the attorney general is that it's pending and they expect a decision in april okay on on what that warning should look like but we we fully anticipate additional litigation over the wording of that warning even if it is adopted as it has been proposed your honor we think that warnings for acrylamide and food are misleading and controversial that they are not purely factual that they imply that this food will increase someone's risk of cancer and there are now two decades of epidemiological studies showing that people who eat more acrylamide don't get cancer more often um and although it's not our burden to prove on that side of it instead it's the attorney general's burden to prove that the warning is purely factual and non-controversial and we don't think they can meet that that standard uh council and maybe you've already addressed this uh but remind me so the injunction is here one of the claims is the injunction is overbroad that seems to have if we get to the merits that seems it seems to be a bit problematic here that the the district court enjoined all parties including parties not before it how how we uphold that and is there some limiting principle we can use uh to distinguish this case from say whole women's health versus jackson or other cases it's yes your honor it's a very good question um because this is prop 65 is not sb8 under prop 65 a private enforcer gains the power to sue only by filing and serving a 60-day notice along with a certificate that after the 60 days passes and no public official has sued can the private enforcer go forward so the at any given moment in time we know who these private enforcers are cal chamber has given notice to every single one of them and does so as as they change over time we give them notice so there's no due process concern they are aware of this litigation underway they're aware of the preliminary injunction the attorney general's website posts a notice about the preliminary injunction as well and the number of people there is certainly not the whole world it's 12 12 individuals or corporations have pending 60-day notices uh on prop 65 under but it could also include somebody who's thinking about filing one right well they could they're not barred from serving a new 60-day notice your honor so they they would be barred from i mean they'd still be barred from after 60 days pursuing the litigation they uh well they they would be so long as the preliminary injunction is in place and so long as before the case is decided but they there would be reasons why they would serve the notice the notice will toll the statute of limitations uh because the claimant will be under a disability under california civil procedure code section 356 they will claim their turf if you will as against other private enforcers and be there first and they will be on notice with the public elected officials as well so there are reasons why they would do that there's no infringement on their ability to do that but but council and maybe i'm missing the practical way that they would be able to vindicate their rights so let's assume we have some putative uh enforcer out there um with the only way that they would theoretically be able to have their voice heard on whether they should have the right to file a lawsuit would be to a way which they could then appeal if they lost would be to intervene and then ask that the extant injunction be modified and assuming the they didn't have any procedural problem with waiting too long or something like that then appeal if the district court denied it but would they have to start with a motion to intervene well your honor i don't think they would have to well they would have to intervene obviously in order to be heard in federal court but they could be heard as amici as well but their interests are fully represented by the attorney general who's defending well i i i hear that but but as i i i hear what you're saying on that but as i understand the way injunctions normally work if they are applicable if an injection were applicable to this putative party and they went ahead and filed a lawsuit anyway um you could go to court and ask that they be held in contempt for violating this injunction and the only opportunity they would have um to uh to deal with that would be in that kind of contempt proceeding uh that could be your honor i think it's unlikely because it perhaps not proceed perhaps dismiss the case perhaps stay the case pending the final judgment that we expect from the eastern district and so i think it's quite speculative to think that cal chamber would need to bring somebody in on a contempt charge well then and that's because everyone would follow the order even though other than intervention they wouldn't have had the right to have their voice heard or theoretically through filing an amicus brief before the district court well the the the superior court would not be bound by the district court's ruling here but the superior court might look at it and say as many have already given the pendency of the cal chamber lawsuit many superior courts have looked at it and said there's a real issue here as to the first amendment rights of the defendants in these cases we're going to hold off on on this issue is still pending obviously i mean this is i guess sort of a rhetorical question but obviously your clients obviously could have sued and tried to enjoin whoever you wanted and if there are only 12 actors out there or 15 or 20 you could have sued all 12 or 15 or 20 and and given them specific notice and opportunity to be heard and you chose not to your honor and i think the prior case showed one of the reasons why because we would run into nor pennington we would run into the california anti-slap statute and my client does does not want to litigate these side issues we'd like to litigate the court issue in the in these cases and we would like preliminary relief that's what we asked the the district court for and what the district court saw how absurd it would be for the attorney general to not be able to sue and yet private enforcers could and saw the that was befalling the food industry with hundreds of lawsuits over acrylamide and food that are not substantiated and that indeed are infringing their first amendment rights by forcing a compelled false and misleading warning and so that's the harm and and in her exercise of her equitable powers and application of rule 65 and the winter factors the court balanced the harms and came to the conclusion that this sort of injunction would prevent those harms from continuing throughout the the pendency of the lawsuit which is a temporary period of time and the court was well within its power to do so as a result we ask that that you affirm and i see i'm way over my time unless the court has further questions well we took you over your time there are questions so don't worry about that but and we and we're giving mr metzger some extra time but unless one of my colleagues has a question i have done questions i don't hear any questions therefore we thank uh oh we and we'll hear from mr metzger again thank you very much judge gould uh i have two minutes is there any particular issue that mr norris has raised that any of you judges would like me to address address otherwise i'll speak for two minutes well you know mr mr metzger i feel bad that i took so much of your time uh on standing and i will ask judge gould perhaps if you needed to give you more time but i i would like to hear your focused presentation even if it takes more than two minutes and again i'll ask judge gould to give you more time on the merits yes uh on on why um uh on the compelled speech issue the district court didn't abuse it description thank you i really appreciate that we'll add two minutes to the clock thank you just go so um i think it's important to actually look at the evidence that we submitted in opposition to the motion for preliminary injunction because judge mueller did not but she made certain factual findings and those findings that she made were really just not based on evidence they were assumptions and i pointed out in our brief where in the record we had senior scientists from federal agencies and our other experts who opined at the cert versus starbucks trial of the first of this false compelled speech claim where where her her so-called findings or assumptions are contradicted by the expert testimony which she never read i think that's really important because if a judge is going to issue a preliminary injunction and joining the exercise of first amendment rights against the party who's already prevailed on the very claim before her at the very least she should look at the evidence that was presented before her and not make findings that are contrary to it she never looked at it and she said at the hearing i don't see any reason to look at it she just had a different view of the case totally disregarded what the state court judge did totally disregarded all the evidence from the that we trial and just came up with her own thoughts and issued a preliminary injunction and joining my client's first amendment rights the last point that i would make is that my client's rights are not being represented by the attorney general we are in litigation with the attorney general and the state of california because the administrative agency that handles these issues which is called the office of environmental health hazard assessment they are operating under directives from the governor's office to basically end acrylamide and food litigation because it's politically a hot potato they don't like it so the attorney general does not represent in any way the interests of the private enforcers and we've sued them regarding that and in addition the attorney general does not have first amendment rights of petition and speech as the private enforcers do those are rights to individuals not to government so the attorney general does not represent the interest adequately cert has been representing the interest adequately especially because the attorney general refuses to do so and refuse to even file an appeal even though the attorney general has now been enjoined by the district court from carrying out his primary duty of enforcing california law so that's that's another reason why i think this court should consider that cert has standing especially because the attorney general has failed to do his job cert is is the one that's enforcing california law in this case not the attorney general and i get rather passionate about that so excuse my pervert if you would um i really do believe that uh the issuance of a preliminary injunction and joining an NGO from attempting to file lawsuits that are whose intent is to protect public health is uh impermissible under the first amendment as a prior restraint on the exercise of both speech and petition rights and for that reason i would ask the court to adopt the ruling of the motions panel uh uh which found that we insert was likely to prevail on the merits of the uh pure constitutional issue and that this court reversed the preliminary injunction on that ground or alternatively on the ground that the district court abused her discretion in issuing the preliminary injunction because she failed and refused to consider the scientific evidence which was evidence that satisfied a state court judge following a three-month trial that there was no constitutional violation of defendants rights to against force compelled speech thank you very much thank you mr mister uh this is a challenging case again we appreciate the excellent advocacy mr metzger and mr norris on both sides of the case unless there are questions from one of my colleagues we will now submit this case and the parties will hear from us in due course um hearing no question the clerk should note this case submitted and we the court will proceed to a 10 minute 10 minute recess before we take up the remaining cases on the docket hello this court stands in recess for 10 minutes
judges: GOULD, BENNETT, NELSON